IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWN R. ERPELDING, Unlawfully Imprisoned;<br><br>              Petitioner,<br><br>    vs.<br><br>SCOTT FRAKES, Director of Neb. Dept. of Corr. Svcs.,<br><br>              Respondent. | **8:20CV167**<br><br>**MEMORANDUM AND ORDER** |

Shawn R. Erpelding, Petitioner, has filed a habeas corpus petition. The Respondent has filed a motion for summary judgment asserting that the statute of limitations bars relief. I agree and will grant the summary judgment motion.

*Undisputed Material Facts*

1.   In 2014, Petitioner Shawn R. Erpelding was convicted by a jury in the District Court of Buffalo County, Nebraska, of four counts of criminal nonsupport. (Filing 10-4, at CM/ECF pp. 154-59.) After he was found to be a habitual criminal, he was sentenced to concurrent prison terms of 10 to 15 years on each count. (Id., at CM/ECF pp. 171-73.)

2.   Erpelding filed a direct appeal, and the case was moved to the Nebraska Supreme Court's docket. (Filing 10-1, at CM/ECF p. 3.) On December 31, 2015, the

Nebraska Supreme Court affirmed Erpelding's convictions and sentences in *State v. Erpelding*, 874 N.W.2d 265 (Neb. 2015). (Filing 10-1, at CM/ECF p. 4.)

3. On September 19, 2016, Erpelding filed a motion for postconviction relief in the state district court. (Filing 10-5, at CM/ECF p. 2.) The state district court ultimately denied postconviction relief without an evidentiary hearing on March 3, 2017. (*Id.*, at CM/ECF pp. 73-86.)

4. Erpelding appealed, and the Nebraska Court of Appeals entered a Memorandum Web Opinion on August 7, 2018, in *State v. Erpelding*, 2018 WL 3752164 (Neb. Ct. App. 2018), affirming the lower court's judgment. (Filing 10-2, at CM/ECF p. 4.) The Nebraska Supreme Court denied Erpelding's petition for further review and the mandate was issued on December 6, 2018. (*Id.*)

5. On January 25, 2019, Erpelding filed a motion to vacate and set aside judgment in his criminal case. (Filing 10-6, at CM/ECF p. 4.) The state district court denied the motion. (*Id.*, at CM/ECF pp. 61-63.)

6. Erpelding appealed, and the Nebraska Court of Appeals dismissed the appeal for lack of jurisdiction, finding that the statute Erpelding relied on for his motion to vacate is limited to civil proceedings and that there is no remedy dealing with criminal procedure after a guilty verdict is entered in a criminal action. (Filing 10-3, at CM/ECF p. 4.) The court found that Erpelding's motion was a procedural

and legal nullity and the court lacked subject matter jurisdiction over the appeal. (*Id.*)

The court ruled:

> Appeal dismissed for lack of jurisdiction. *See* Neb. Ct. R. App. P. § 2-107(A)(2). Motion to vacate pursuant to § 25-2001(2) and (4) is limited to civil proceedings, there being no mention of such remedy in Neb. Rev. Stat. § 29-2101 to 29-2106 which details remedies dealing with criminal procedure after a guilty verdict is entered in a criminal action. For that reason, Appellant's motion to vacate pursuant to § 25-2001(2) and (4) may be characterized as a procedural and legal nullity and this court lacks subject matter jurisdiction over appeal. *See*, *State v. Louthan*, 257 Neb. 174, 186, 595 N.W.2d 917, 925 (1999) ("where a criminal procedure is not authorized by statute, it is unavailable to a defendant in a criminal proceeding"); *State v. Miller*, 240 Neb. 297, 481 N.W.2d 580 (1992).

*Id. E*rpelding's petition for further review was denied by the Nebraska Supreme Court, and the mandate was issued on May 18, 2020. (*Id.*, at CM/ECF pp. 4-5.)

7.  Erpelding's habeas petition was filed with this Court on April 30, 2020. (Filing 1.)

*Analysis*

It plainly appears that Petitioner blew the federal statute of limitations by over 500 days. He tried to use a statute designed for general civil matters, and even acknowledges that he was in error in so doing. (*See* Filing 21, at CM/ECF p. 3.) There is no statutory basis for excusing the default or equitable reason for doing so either.

3

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") set stringent guidelines with regard to the statute of limitations on petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Erpelding's direct review was concluded on December 31, 2015, when the Nebraska Supreme Court entered its opinion affirming his convictions and sentences. Thus, Erpelding's judgment became final 90 days later on March 30, 2016. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir.

2003) (holding that a judgment is final, under 28 U.S.C. § 2244(d)(1)(A), at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for a writ of certiorari with the United States Supreme Court). Thus, the one-year statute of limitations began running on March 30, 2016.

The statute of limitations clock was then tolled while Erpelding's postconviction proceedings were pending in state court. Erpelding's state postconviction motion was filed on September 19, 2016, meaning that a total of 173 days expired after the statute of limitations began running on March 30, 2016. The one-year period was tolled until December 6, 2018, which is the day the Nebraska Court of Appeals issued its mandate in Erpelding's postconviction appeal. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that a postconviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court).

The filing of Erpelding's motion to vacate in state court did not toll the statute of limitations because the motion was not a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). As the Nebraska Court of Appeals found, Erpelding's motion was not authorized by statute, and thus, was unavailable to him in his criminal proceeding. Because Erpelding's motion to vacate was not based on any of the established avenues of collateral review that are

5

allowed in Nebraska, the only tolling period that Erpelding is entitled to is September 19, 2016, through December 6, 2018.

Once the limitations period started again on December 6, 2018, it continued to run until April 30, 2020, when Erpelding filed his habeas petition in this Court. Thus, an additional 511 days expired between the conclusion of Erpelding's state postconviction proceedings and the filing of his habeas petition. Because 684 days count toward the one-year period, Erpelding's habeas petition was untimely filed.

To be clear, Petitioner's reliance on a civil law statute unrelated to criminal matters to set aside a criminal conviction lacks support in any of the cases that I have found. It is also illogical. I am not persuaded that I have the authority to, or should, impute into a Nebraska civil law statute an escape hatch for avoiding the consequences of the federal habeas corpus statute of limitations that deals with criminal convictions but not general civil actions. If that is to be done, it is for those higher on the food chain than me. Frankly, I do not think the case is close.

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for granting certificates of appealability (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). I have applied the appropriate

standard and I have determined that Ortega is not entitled to a certificate of appealability.

IT IS ORDERED that this case is dismissed with prejudice. The motion for summary judgment (Filing 9) is granted. No certificate of appealability has been or will be issued. I will enter judgment by a separate document.

Dated this 4th day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge